NO. 07-05-0468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2006

_____

DEXTER DEUWAN MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,922-A; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant Dexter Deuwan Mitchell has given notice of appeal from a judgment of conviction and sentence for the offense of attempted aggravated assault. The appellate court clerk received and filed the trial court clerk's record on February 7, 2006. The trial court reporter's record was filed on February 24, 2006.

This Court has received and granted two extensions from appellant's counsel to file the appellant's brief. By letter dated May 1, 2006, the Court granted appellant his second

extension of time to file his brief with the admonition that if the brief was not filed by May 26, 2006 this case could be abated and remanded to the trial court. Counsel for appellant responded to that letter by filing a third extension of time to file the appellant's brief.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine:

(1)     whether appellant desires to prosecute this appeal;

(2)     if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal;

(3)     if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(4)     what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than July 7, 2006.

Per Curiam

Do not publish.